# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARCUS HALE,

      Petitioner,                  :         Case No. 1:06-cv-454

                                   District Judge Michael R. Barrett
    -vs-                                 Chief Magistrate Judge Michael R. Merz

                             :

WARDEN, Pickaway Correctional
 Institution,

      Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He was convicted by a jury in the Hamilton County Common Pleas Court of conspiracy, trafficking in cocaine, and possession of cocaine and sentenced on September 8, 2004, to eight years imprisonment. The conviction has been affirmed on appeal and Petitioner now pleads the following single ground for relief:

> **Ground One:** Petitioner's due process rights under the United States Constitution were violated when there was insufficient evidence to support the conviction.
>
> **Supporting Facts**: Petitioner traveled to Cincinnati with a friend. Petitioner went shopping at Border's Books while the friend drove to another location to consumate [sic] a drug transaction. There is no evidence that Petitioner knew his friend had drugs in his possession or that his friend had left him to consumate [sic] a drug sale. There are no communications with the Petitioner regarding drugs.

(Petition, Doc. No. 1, at 6.) In the Memorandum filed in support of the Petition, pleads as follows:

**CONSTITUTIONAL CLAIMS FOR RELIEF:**

1

> A Defendant who has no specific knowledge of an impending drug transaction cannot be convicted of Trafficking or Possession under United States v. Cartwright (3d Cir. March 1, 2004) Case No. 03-1466 and such a conviction for which there is insufficient evidence to support each and every element of the charged offense violates the Due Process Clause of the U.S. Constitution
>
> A. A conviction that is obtained pursuant to insufficient evidence violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.
>
> B. Closer scrutiny must be given to a prosecuting attorney's closing argument in a case in which United State v Cartwright (3d Cir. March 1, 2004) Case No. 03-1466 is implicated.
>
> C. In Cases in which United State v Cartwright (3d Cir. March 1, 2004) Case No. 03-1466 are implicated and there are allegations of prosecutorial misconduct a higher level of scrutiny must be given to issues of cumulative error.

Whether these are intended to be sub-claims of the single Ground for Relief or separate claims is unclear from the pleading.

The Petition herein was filed in 2006 and is therefore subject to the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). Under the AEDPA, a federal district court sitting in habeas can grant relief on a claim considered by the state courts only if the state court decision is contrary to or an unreasonable application of clearly established federal law as found in decisions of the United States Supreme Court.

The Supreme Court has recently elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law. See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To these ends, § 2254(d)(1) provides:
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits

2

> in State court proceedings unless the adjudication of the claim–
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."
>
> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409- 410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94, 122 S. Ct. 1843, 1849-50, 152 L. Ed. 2d 914 (2002).

The claim that a conviction is supported by insufficient evidence states a claim under the Fourteenth Amendment Due Process Clause. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319. This rule was adopted as a matter of Ohio law at *State v.*

*Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In deciding this claim, pled as the first assignment of error on direct appeal, the Ohio First District Court of Appeals summarized the facts as follows:

> [¶2] Beginning in February 2003, Officer James High worked to arrange the undercover purchase of cocaine. High was introduced to Robert Mitchell through a telephone call with a confidential informant. Eventually, High and Mitchell participated in telephone calls without the informant. After series of calls and cancelled meetings, High and Mitchell agreed to meet on March 10 at the Tri-County Mall, where Mitchell would sell High ten ounces of cocaine. Based on Mitchell's comments during the phone calls, High determined that Mitchell was a middleman and that the cocaine was coming from Dayton.
>
> [¶3] Police officers set up surveillance in the area. Mitchell arrived in the Tri-County Mall area in a van driven by Tony Whiting. The officers observed the van meeting with a silver car in the parking lot of a gas station. When police officers checked the registration of the car, they determined that it was from Dayton. The silver car was driven by Hale; Ryan Carpenter was the passenger in the car. While at the gas station, Carpenter left the car and walked over to the van. After talking to the occupants of the van, he returned to the car. The car was then seen driving behind a line of stores in a strip mall. The occupants of the car again met with Mitchell and Whiting. Both vehicles went to the parking lot of a store across the street from the mall. Carpenter again exited from the car. This time he entered the van. The van headed to a restaurant near the mall, where Mitchell had agreed to meet High. The car driven by Hale was seen following the van. Hale parked the car in the lot of a music store not far from the restaurant where the drug sale was to occur. While the transaction between Mitchell and High was happening, Hale entered the music store and a nearby bookstore. When he was not in the stores, he intently looked over to where the transaction was to occur.
>
> [¶4] Eventually, the police officers conducting the surveillance moved in to arrest Mitchell, Whiting and Carpenter. Hale was also arrested. At the time of the arrests, Hale had $5,030 in cash. When asked by police officers if he had come to Tri-County alone, he stated that he had gone shopping alone.

\* \* \* \* \* \*

> Hale's first assignment of error is that his conviction was not supported by sufficient evidence and that it was against the manifest weight of the evidence.
>
> A sufficiency argument challenges whether the state presented adequate evidence on each element of the offense.1 On the other hand, when reviewing whether a judgment is against the manifest weight of the evidence; we sit as a thirteenth juror to determine whether the jury clearly lost its way and created a manifest miscarriage of justice.
>
> The offenses of possession and trafficking require that the defendant have acted with knowledge. Hales now argues that the state offered no evidence that he possessed the cocaine that was offered for sale to High or that he knew that he was involved in drug trafficking. He directs us to United States v. Cartwright, in which the United States Court of Appeals for the Third Circuit reversed the defendant's conviction because the evidence presented at trial did not support the inference that the defendant knew that he was participating in a transaction involving a controlled substance.
>
> Circumstantial evidence possesses the same probative value as direct evidence. Here, the state presented an abundance of circumstantial evidence that Hale was clearly involved in the transaction that occurred on March 10. In contrast to Cartwright, the evidence of Hale's level of involvement exceed that of the defendant's involvement in Cartwright. The state provided ample evidence that Hale possessed the cocaine and that he knew that he was involved in a drug transaction.
>
> We therefore conclude that the state presented sufficient evidence of each element of possession, trafficking, and conspiracy. Further, having thoroughly reviewed the record, we can not say that the jury clearly lost its way in finding Hale guilty. The first assignment of error is overruled.

(*State v. Hale*, Opinion of the Court of Appeals, attached to Return of Writ as Ex. 6, unpublished, citations omitted.)

Respondent's Answer provides copious references to trial testimony which supports the Court of Appeals' findings.  Of particular note are (1) the flurry of cell phone conversations during the transaction; (2) the unexplained $5,030 in cash on Hale's person; (3) Hale's driving around following the other vehicle into areas where an ordinary shopper and/or a person unconnected with

5

the drug transaction would have been very unlikely to drive. And of course, after having been stopped, Hale lied to the police about whether he had come to Cincinnati with anyone.

Petitioner relies here and relied in the Court of Appeals almost exclusively on *United States v. Cartwright*, 359 F.3d 281 (3rd Cir. 2004). The Court of Appeals emphasized how much stronger the facts are here than they were in *Cartwright*. It must also be emphasized that *Cartwright* was a direct federal appeal where the constitutional question was being reviewed de novo. The question before this Court is not whether there was sufficient evidence, but whether the First District Court of Appeals' decision was an objectively unreasonable application of *Jackson v. Virginia*. This Court concludes that it was not and recommends that Petitioner's insufficiency of the evidence claim be denied with prejudice.

Petitioner also makes a claim of prosecutorial misconduct. As to most of this claim, Respondent asserts a procedural bar created by Petitioner's failure to object at trial. The First District Court of Appeals recognized the applicability of this procedural bar when it refused anything but plain error review of those asserted improprieties which were not objected to.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture

6

>    is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
>    Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d*,* at 138. States have a very strong interest in the contemporaneous objection rule. *Scott v. Mitchell,* 209 F.3d 854 (6th Cir. 2000), quoting extensively from *Wainwright v. Sykes*, 433 U.S. 72, 88-90, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). Ohio's contemporaneous objection rule is an adequate and independent state ground. *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), citing *Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *White v. Mitchell,* 431 F.3d 517, 524 (6th Cir. 2005); *Hinkle v. Randle,* 271 F. 3rd 239 (6th Cir. 2001), citing *Seymour v. Walker*, 224 F. 3rd 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003). Thus Respondent has shown that all the asserted prosecutorial misconduct which was reviewed for plain error is procedurally defaulted for review in this Court.

The one claim of misconduct on which there was an objection[1] was found by the Court of Appeals to have been a proper summary of or comment on the evidence and in any event not prejudicial to Petitioner's right to a fair trial. The Sixth Circuit has recently articulated the relevant standard for habeas claims of prosecutorial misconduct as follows:

>    On habeas review, claims of prosecutorial misconduct are reviewed deferentially. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). To

---

[1] "[S]o Carpenter is acting as a go-between between Mitchell and Hale. Hale is, in all likelihood, Carpenter's source of the dope. It's very clear. And if you think about it, you know, most men don't call their buddy forty-five times on the cell phone to chat." (T.p. 498).

7

>be cognizable, the misconduct must have "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (citation omitted). Even if the prosecutor's conduct was improper or even "universally condemned," *id.*, we can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair. Once we find that a statement is improper, four factors are considered in determining whether the impropriety is flagrant: (1) the likelihood that the remarks would mislead the jury or prejudice the accused, (2) whether the remarks were isolated or extensive, (3) whether the remarks were deliberately or accidentally presented to the jury, and (4) whether other evidence against the defendant was substantial. *See Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000). Under [the] AEDPA, this bar is heightened by the deference we give to the . . . [Ohio] Supreme Court's determination of . . . [Petitioner's] prosecutorial-misconduct claims. *See Macias v. Makowski*, 291 F.3d 447, 453-54 (6th Cir. 2002)("If this court were hearing the case on direct appeal, we might have concluded that the prosecutor's comments violated Macias's due process rights. But this case is before us on a petition for a writ of habeas corpus. So the relevant question is not whether the state court's decision was wrong, but whether it was an unreasonable application of clearly established federal law.").

*Bowling v. Parker*, 344 F.3d 487, 512-13 (6th Cir. 2003). Applying *Bowling* to this case, the Court cannot say that the First District Court of Appeals decision was an objectively unreasonable application of any clearly established Supreme Court precedent. Petitioner's prosecutorial misconduct claim should also be dismissed with prejudice.

Finally, Petitioner claims the he is entitled to relief based on the cumulation of other constitutional errors. The Court has found no other constitutional errors. Even if it had, in *Lorraine v. Coyle*, 291 F.3d 416, (6th Cir. 2002), the court held:

>The Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief. Thus, it cannot be said that the judgment of the Ohio courts is contrary to *Berger*, or to any other Supreme Court decision so as to warrant relief under the AEDPA. *Cf. Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983) (pre-AEDPA case; holding that "errors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair").

*Id.* at 447. Cumulative error is not a basis for granting habeas relief in non-capital cases. *Eskrdige*

8

*v. Konteh*, 88 F. App'x 831, 836 (6th Cir. 2004). Therefore Petitioner's claim of cumulative error is not cognizable in habeas corpus and should be dismissed with prejudice.

## Conclusion

In accordance with the foregoing analysis, the Petition herein should be dismissed with prejudice.

October 10, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).