**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Marcus Hale,

             Petitioner,

     v.

Warden, Pickaway Correctional Institution,

             Respondent.

CASE NO.  1:06cv454

Judge Michael R. Barrett

## ORDER

Petitioner Hale filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 11, 2006 (Doc. 1).  Hale seeks relief from the sentence that Ohio imposed following his conviction of conspiracy, trafficking in cocaine, and possession of cocaine (Id.).  Hale was sentenced to eight years of imprisonment.  Respondent filed an response with numerous exhibits, including a transcript of the state trial proceedings (Doc. 5).

On October 10, 2007, Magistrate Judge Merz filed a Report and Recommendation (hereinafter, the "Report") (Doc. 11) that recommended the Court dismiss this case with prejudice.  The Petitioner objects to the Report (Doc. 12).  For the reasons provided below, the Court ADOPTS the Magistrate Judge's Report and Recommendation.

I. Background

The procedural background and facts of this case are sufficiently set forth in the Report and are derived from the Ohio Court of Appeals' decision overruling petitioner's appeal.  These facts are presumed correct under 28 U.S.C. §2254(e)(1) and are simply restated here.

[¶2] Beginning in February 2003, Officer James High worked to arrange the

undercover purchase of cocaine. High was introduced to Robert Mitchell through a telephone call with a confidential informant. Eventually, High and Mitchell participated in telephone calls without the informant. After series of calls and cancelled meetings, High and Mitchell agreed to meet on March 10 at the Tri-County Mall, where Mitchell would sell High ten ounces of cocaine. Based on Mitchell's comments during the phone calls, High determined that Mitchell was a middleman and that the cocaine was coming from Dayton.

[¶3] Police officers set up surveillance in the area. Mitchell arrived in the Tri-County Mall area in a van driven by Tony Whiting. The officers observed the van meeting with a silver car in the parking lot of a gas station. When police officers checked the registration of the car, they determined that it was from Dayton. The silver car was driven by Hale; Ryan Carpenter was the passenger in the car. While at the gas station, Carpenter left the car and walked over to the van. After talking to the occupants of the van, he returned to the car. The car was then seen driving behind a line of stores in a strip mall. The occupants of the car again met with Mitchell and Whiting. Both vehicles went to the parking lot of a store across the street from the mall. Carpenter again exited from the car. This time he entered the van. The van headed to a restaurant near the mall, where Mitchell had agreed to meet High. The car driven by Hale was seen following the van. Hale parked the car in the lot of a music store not far from the restaurant where the drug sale was to occur. While the transaction between Mitchell and High was happening, Hale entered the music store and a nearby bookstore. When he was not in the stores, he intently looked over to where the transaction was to occur.

[¶4] Eventually, the police officers conducting the surveillance moved in to arrest Mitchell, Whiting and Carpenter. Hale was also arrested. At the time of the arrests, Hale had $5,030 in cash. When asked by police officers if he had come to Tri-County alone, he stated that he had gone shopping alone.

* * * * * *

Hale's first assignment of error is that his conviction was not supported by sufficient evidence and that it was against the manifest weight of the evidence.

A sufficiency argument challenges whether the state presented adequate evidence on each element of the offense. On the other hand, when reviewing whether a judgment is against the manifest weight of the evidence; we sit as a thirteenth juror to determine whether the jury clearly lost its way and created a manifest miscarriage of justice.

The offenses of possession and trafficking require that the defendant have acted with knowledge. Hales now argues that the state offered no evidence

2

that he possessed the cocaine that was offered for sale to High or that he knew that he was involved in drug trafficking. He directs us to United States v. Cartwright, in which the United States Court of Appeals for the Third Circuit reversed the defendant's conviction because the evidence presented at trial did not support the inference that the defendant knew that he was participating in a transaction involving a controlled substance.

Circumstantial evidence possesses the same probative value as direct evidence. Here, the state presented an abundance of circumstantial evidence that Hale was clearly involved in the transaction that occurred on March 10. In contrast to Cartwright, the evidence of Hale's level of involvement exceed that of the defendant's involvement in Cartwright. The state provided ample evidence that Hale possessed the cocaine and that he knew that he was involved in a drug transaction.

We therefore conclude that the state presented sufficient evidence of each element of possession, trafficking, and conspiracy. Further, having thoroughly reviewed the record, we can not say that the jury clearly lost its way in finding Hale guilty. The first assignment of error is overruled.

(*State v. Hale*, Opinion of the Court of Appeals, attached to Return of Writ as Ex. 6, unpublished, citations omitted.)

II. Argument

Petitioner objects to the Court's analysis of *United States v. Cartwright*, 359 F.3d 281 (3rd Cir. 2004) arguing that the failure of the state courts and the Magistrate Judge to address the *Cartwright* requirement for particularity is unreasonable.  In particular, Petitioner is arguing that there is no evidence that would show that he had any idea of the particular nature of the transaction involved in this case.  In addition, Petitioner objects to the Magistrate Judge's failure to consider the objected to comment of the prosecutor during closing arguments in context of the entire trial, arguing that such failure is unreasonable.

III. Legal Standard

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of

3

any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). See also *Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme]

4

Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 1523. The Sixth Circuit has held that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000). Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous. See 28 U.S.C. § 2254(e)(1).

It should be noted that Petitioner does not object to the applicable law cited in the Report or to the facts as set forth in the Report.

IV. Analysis

Petitioner's single ground for relief is as follows:

**Ground One**: Petitioner's due process rights under the United States Constitution were violated when there was insufficient evidence to support the conviction.

**Supporting Facts**: Petitioner traveled to Cincinnati with a friend. Petitioner went shopping at Border's Books while the friend drove to another location to consumate [sic[ a drug transaction. There is no evidence that Petitioner knew his friend has drugs in his possession or that his friend had left him to consumate [sic] a drug sale. There are no communications with the Petitioner regarding drugs.

(Doc. 1, p6). Petitioner then pleads the following Constitutional Claims for Relief in the memorandum in support

A Defendant who has no specific knowledge of an impending drug transaction cannot be convicted of Trafficking or Possession under *United States v. Cartwright* (3d Cir. March 1, 2004) Case No. 03-1466 and such a conviction for which there is insufficient evidence to support each and every element of the charged offense violates the Due Process Clause of the U.S.

5

Constitution.

A.   A conviction that is obtained pursuant to insufficient evidence violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

B.   Closer scrutiny must be given to a prosecuting attorney's closing argument in a case in which *United State v Cartwright* (3d Cir. March 1, 2004) Case No. 03-1466 is implicated.

C.   In Cases in which *United State v Cartwright* (3d Cir. March 1, 2004) Case No. 03-1466 are implicated and there are allegations of prosecutorial misconduct a higher level of scrutiny must be given to issues of cumulative error.

First, the Court does not find that any alleged failure to address *United States v. Cartwright*, 359 F.3d 281 (3rd Cir. 2004) is a violation of the first prong of the AEDPA as set forth above as the adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *Cartwright* is a Third Circuit opinion, not one from the Supreme Court, and thus, is not clearly established federal law as contemplated in 28 U.S.C. § 2254(d).

Based upon a review of the record in this matter, including the Report, the Court finds there exists no violation of the second prong as the Court of Appeals' decision was not based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  As set forth in the Report, the Court of Appeals considered *Cartwright* and concluded that the facts in the present matter were much stronger than in *Cartwright.*  (Doc. 11, p6).  There is no basis for this Court to find that the state court based its decision on an unreasonable determination of the facts.

Finally, as to Petitioner's claim of prosecutorial misconduct, Petitioner only objects

6

to the last of his arguments cited above, arguing that the Magistrate Judge failed to consider the objected to remarks of the prosecutor during closing arguments in the context of the entire trial.  Petitioner has cited no caselaw to support this argument.

At trial, the prosecuting attorney made the following statement in closing argument that drew an objection from defense counsel: "[S]o Carpenter is acting as a go-between between Mitchell and Hale.  Hale is, in all likelihood, Carpenter's source of the dope. It's very clear. And if you think about it, you know, most men don't call their buddy forty-five times on the cell phone to chat." (Tr. p. 498; Doc. 5-6, p21).  Petitioner argues that this misconduct must be considered, not as an isolated comment, but in the context of the entire trial.  The Magistrate Judge properly set forth the law on this issue in the Report stating that "[t]o be cognizable, the misconduct must have 'so infected the trial with unfairness as to make the resulting conviction a denial of due process'" *citing Bowling v. Parker*, 344 F.3d 487, 512-513 (6th Cir. 2003)(internal cites omitted). See Doc. 11, p8.  The Magistrate Judge continued, "[e]ven if the prosecutor's conduct was improper or even 'universally condemned,' we can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair." Id. (internal cites omitted).  Here, the question before this Court is not whether the state court was wrong but whether it's decision was an unreasonable application of clearly established federal law.  *See Bowling, supra;* Doc. 11, p8.  The Court of Appeals found that the objected to comment of the prosecutor was proper based upon the evidence adduced at trial (Doc. 5-6, p21) and that the unobjected to comments were also proper. Id.  In applying *Bowling*, the Magistrate Judge found that it could not say that the Court of Appeals' decision was an objectively unreasonable applicable of any clearly established Supreme Court precedent.  See Doc.

7

11, p8. This Court agrees. It was not unreasonable for the state court to find that the comments were proper based upon the cumulative evidence presented at trial by the prosecution. (See, for example, Tr. 229-243; 250-251; 415; 434). Thus, since the comments were proper there can be no infection of unfairness.

V. Conclusion

For the reasons provided below, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES the Petitioner's requests for relief.

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

8